**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00975-GPG-MDB
THE ESTATE OF MICHAEL BURCH, by and through personal representative LINDA MCMILLAN,
  **Plaintiff,**
**v.**
THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF HUERFANO, a municipality,
HUERFANO COUNTY SHERIFF'S OFFICE, a governmental entity,
BRUCE NEWMAN, Sheriff, in his official capacity as Huerfano County Sheriff,
STUART PINO, Detention Officer, in his official capacity,
LEA VIGIL, Captain, in her individual capacity,
BILLY LAPORTE, Captain, in his individual capacity,
HUERFANO COUNTY HOSPITAL DISTRICT d/b/a SPANISH PEAKS REGIONAL HEALTH CENTER, a governmental entity,
SAM TRUJILLO, Paramedic, in his individual capacity,
GABRIEL MARTINEZ, Paramedic, in his individual capacity,
HEALTH CARE PARTNERS FOUNDATION, INC., a corporation,
SHANENE SANDERS, Certified Nurse Aid, in her individual capacity,
RACHAEL SIMPSON, Registered Nurse, in her individual capacity, and
JENNIFER GREEN, Nurse Practitioner, in her individual capacity,
  **Defendants.**

---

### SPANISH PEAKS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

Defendant Huerfano County Hospital District d/b/a Spanish Peaks Regional Health Center (SPRHC),

through counsel, moves for judgment on the pleadings pursuant to F.R.C.P. 12(c) with respect to Plaintiff's

Fourteenth Claim for Relief for failure to train.

### CERTIFICATE OF CONFERRAL

Pursuant to Judge Gordon P. Gallagher's Civ. Practice Standard 7.1B, counsel for SPRHC conferred

extensively with counsel for Plaintiff regarding this Motion to Dismiss. Plaintiff does not object to SPRHC's

Motion on procedural grounds, but opposes dismissal on the merits insofar as Plaintiff asserts its now-

dismissed Thirteenth Claim for Relief against the Paramedics is subject to appeal.

1

**BACKGROUND and OPERATIVE ALLEGATIONS**

Plaintiff's Complaint, filed March 26, 2025, arises from the detention of Michael Burch at Huerfano County Detention Center (HCDC) between March 25, 2023 until his death on April 4, 2023. *ECF 1.* Plaintiff's Thirteenth and Fourteenth Claims were brought pursuant to 42 U.S.C. §1983 and represent the sole claims asserted against SPRHC, a government entity organized under Colorado law, and its employees, former Defendants Sam Trujillo and Gabriel Martinez (collectively, Paramedics). *Id. at ¶¶33-35, 506-517.*

As relevant here, Plaintiff's Thirteenth Claim alleged that the Paramedics were deliberately indifferent to Mr. Burch's serious medical needs. *Id. at ¶¶267-86, 506-13.* Plaintiff's Fourteenth Claim against SPRHC alleges that SPRHC "maintained an unconstitutional policy, practice, or custom of failing to train [the Paramedics] on the limitations of their scope of practice," "their primary responsibility as gatekeepers," and "determining the immediacy of medical complaints and elevating medical care." *Id. at ¶¶421-27, 514-17.* Plaintiff asserts that SPRHC's alleged failure to train was "a moving force" behind the Paramedics' conduct, and that SPRHC "maintained its inadequate training with deliberate indifference to…Mr. Burch despite the obvious, known, and highly predictable dangers created by such failures." *Id. at ¶¶515-517.*

On June 2, 2025, the Paramedics filed their Motion to Dismiss for failure to state a claim for deliberate indifference under F.R.C.P. 12(b)(6). *ECF 38.* SPRHC filed its Answer and Jury Demand. *ECF 39.* On January 28, 2026, the Court granted the Paramedics' Motion to Dismiss. *ECF 86.* The Court's findings of fact and conclusions of law are incorporated here by reference. *Id. at 2-8.* Briefly, the Court first ruled that, because the Paramedics' interaction was captured on body camera footage and relied on in Plaintiff's Complaint, the Court could properly consider the video evidence submitted in support of the Paramedics' Motion to Dismiss without converting the Motion to one for summary judgment. *ECF 86 at 5-6 (referring to ECF 43,* conventionally submitted material consisting of 1 USB Flash Drive)*.*

The Court next considered Plaintiff's well-pled allegations, and the video evidence, in the "light most favorable to Plaintiff" under both the failure-to-treat and gatekeeper theories recognized in the Tenth Circuit.

2

*Id. at 3-8, n.3.* The Court ruled that the gatekeeper theory did not apply to Plaintiff's claim because "the Paramedics did not deliberately keep Burch from receiving medical care…" *Id. at n.3.* With respect to the failure-to-treat theory, the Court ruled that Plaintiff failed to plausibly allege the Paramedics knew of, yet disregarded, Mr. Burch's serious medical needs. *Id. at 5-8.* The Court therefore dismissed Plaintiff's sole claim for relief against the Paramedics. *Id. at 8, 11.*

In the absence of a constitutional violation by the Paramedics, SPRHC cannot be liable under §1983 for allegedly maintaining a policy of inadequate training. But even if Plaintiff's claim against the Paramedics survived the Motion to Dismiss, Plaintiff's Complaint fails to set forth plausible allegations supporting the existence of an unconstitutional policy or custom, or deliberate indifference on behalf of SPRHC. Because the Complaint is bereft of plausible factual averments necessary to sustain a claim for municipal liability under §1983, judgment is warranted in favor of SPRHC for Plaintiff's Fourteenth Claim for Relief.

## LEGAL AUTHORITY

Under F.R.C.P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Judgment is proper when "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. enters., Inc. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006).

A motion for judgment on the pleadings is evaluated using the same standards applicable to a Rule 12(b)(6) motion to dismiss. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). To survive a motion, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The *Iqbal* evaluation is a two-prong analysis. A court first identifies allegations that, even if "couched as [] factual allegation[s]," are legal conclusions, bare assertions, or conclusory allegations "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 579. The court then determines whether well-pled factual allegations "plausibly suggest an entitlement to relief." *Id.* at 680-81. A

3

claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In ruling on a motion for judgment on the pleadings, a court may consider the complaint, the answer, any attached material, documents incorporated by reference into the complaint, and "any matter of which the court can take judicial notice for the factual background of the case." *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, 2019 U.S. Dist. LEXIS 86142, *4 (D. Colo. May 22, 2019); *Tal v. Hogan,* 453 F.3d 1244, n.24 (10th Cir. 2006). *See also, ECF 86 at 5* (finding it proper to consider body camera footage of the Paramedics, *ECF 43,* when deciding the Paramedics' Motion to Dismiss under F.R.C.P. 12(b)(6), *ECF 38,* because "[t]he videos are heavily excerpted in the Complaint and central to Plaintiff's claims[,] [and] Plaintiff does not dispute their authenticity," *citing GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

### MOTION FOR JUDGMENT ON THE PLEADINGS

A government entity can be liable under §1983 when the entity itself "subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692 (1978). On the other hand, §1983 does not confer vicarious liability onto an entity for the acts of its employees. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Thus, a plaintiff asserting municipal liability against an entity must sufficiently allege injury caused by "action pursuant to official municipal policy." *Connick,* 563 U.S. at 51. Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* In other words, there must be a "deliberate action attributable to the [entity] [that] directly caused a deprivation of federal rights." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).

In this context, a government entity may be held liable for "deliberately indifferent training that causes the violation of a federal right." *Valdez v. MacDonald,* 66 F.4th 796, 816 (10th Cir. 2023). Under certain circumstances, an entity's failure to train its employees, or failure to adopt proper training policies, may

constitute a "policy or custom" for purposes of §1983. *City of Canton,* 489 U.S. at 388. Inadequate training, however, is only a constitutional violation when an entity's failure to train amounts to deliberate indifference, "i.e. the failure to train must reflect a deliberate or conscious choice by" the entity. *Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998). A plaintiff is therefore typically required to establish a "pattern of similar constitutional violations by untrained employees…to demonstrate indifference for purposes of failure to train." *Connick,* 563 U.S. at 62. In "rare" instances, municipal liability may be based on a single incident when "a violation of federal rights may be a highly predictable or plainly obvious consequence of an entity's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations." *Id.* at 64; *Barney,* 143 F.3d at 1307-08. To state a single-incident failure to train claim under §1983, a plaintiff must plausibly allege the existence of an entity policy or custom involving deficient training that is "obvious" and "closely related" to the injury; an injury caused by the policy or custom; and that the entity adopted the policy or custom with deliberate indifference. *Lance v. Morris,* 985 F.3d 787, 800 (10th Cir. 2021); *Valdez v. Macdonald,* 66 F.4th 796, 816-17 (10th Cir. 2023). The mere occurrence of an injury caused by a government employee is insufficient to establish causation and culpability in single-incident cases. *Carr v. Castle,* 337 F.3d 1221, 1231 (10th Cir. 2003).

The second element requires a direct causal link "between the [entity] action and the deprivation of federal rights" such that the entity "was the moving force behind the alleged injury." *Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. at 404. A plaintiff must identify a "specific" training deficiency closely related to the ultimate injury, and must also show that the training deficiency "actually caused" the employee "to act with deliberate indifference" towards the plaintiff; that is, plaintiff's injury would not have occurred "had the employee been trained under a program that was not deficient in the identified respect." *Lopez v. LeMaster,* 172 F.3d 756, 760 (10th Cir. 1999), *abrogated in part on other grounds by, Brown v. Flowers,* 974 F.3d 1178, 1182 (10th Cir. 2020); *Lance*, 985 F.3d at n.4.

Additionally, deliberate indifference is only viable under the third element when entity policymakers "know to a moral certainty that their employees will confront a given situation;" the situation "presents the employee with a difficult choice of the sort that training or supervision will make less difficult;" and "the wrong choice will frequently cause the deprivation of a citizen's constitutional rights." *Valdez,* 66 F.4th at 817.[1]

Importantly, an entity cannot be liable for a §1983 failure-to-train claim where its allegedly untrained employee did not commit a constitutional violation. *Trigalet v. City of Tulsa,* 239 F.3d 1150, 1154, 1156 (10th Cir. 2001). Here, on January 28, 2026, this Court ruled that Plaintiff's Complaint failed to plausibly allege the Paramedics were deliberately indifferent to Mr. Burch's serious medical needs. *ECF 86 at 3-8.* "[W]here the actions of a municipality's officers do not rise to the level of a constitutional violation and the claim against the municipality is based on it serving as the driving force behind those actions, liability cannot lie." *Crowson v. Wash. Cty. State of Utah,* 983 F.3d 1166, 1191 (10th Cir. 2020). In the absence of a constitutional violation by the Paramedics, Plaintiff fails to state a claim for municipal liability against SPRHC and judgment on the pleadings is warranted. *Trigalet,* 239 F.3d at 1154-56.

Even if Plaintiff's claim against the Paramedics survived, Plaintiff's claim against SPRHC fails where his Complaint fails to provide more than "labels and conclusions" or "a formulaic recitation of elements of a cause of action." *Twombly,* 550 U.S. at 555. Factual averments set forth in ¶¶*421-27* of Plaintiff's Complaint (*ECF 1*) constitute the sole allegations of municipal liability and contain threadbare assertions that SPRHC "was responsible for…training paramedics" in certain enumerated areas, failed to do so, and therefore caused the Paramedics' alleged deliberate indifference to Mr. Burch. For example, Plaintiff alleges that SPRHC failed to train its paramedics on limitations of their "scope of practice," "determining the immediacy of medical complaints and elevating medical care," the "particular attention required when tending to individuals in crisis," and "constitutionally mandated treatment and gatekeeping functions." *ECF 1 at ¶¶422-23, 426, 515-17*. But

---

[1]    As explained in *Valdez,* the Tenth Circuit in *Lance* adopted the Second Circuit's three-part test for deliberate indifference as articulated in *Walker v. City of New York,* 974 F.2d 293, 297-98 (2d Cir. 1992).

these allegations merely parrot purported deficiencies committed by *the Paramedics* to accurately "diagnose" Mr. Burch with a medical emergency, respond as if they were at the site of an emergency, and provide emergency transport and care. *Compare, ECF 1 at ¶¶165-84*. Plaintiff offers no plausible allegations about the content of the Paramedics' alleged training (or lack thereof), how they were trained, who trained them, who else besides the Paramedics received such training, or how the Paramedics' decisions with respect to Mr. Burch's care were the result of a training defect relevant to the manner in which Mr. Burch was treated. *ECF 1 at ¶¶421-27*; *Axtell v. City of Lakewood,* 2022 U.S. Dist. Lexis 14267, *56-57 (Jan. 26, 2022). A "plaintiff cannot state a plausible claim of municipal liability by identifying a single incident of alleged violations and then, without any further factual substantiation, contending that such actions were consistent with and caused by a…failure to train." *Salazar v. Castillo,* 2013 U.S. Dist. Lexis 2000, *16 (D. Colo. Jan. 7, 2013).

Further, municipal liability requires plausible allegations of a constitutional violation according to a "stringent deliberate indifference standard of fault." *Waller v. City & Cty. of Denver,* 932 F.3d 1277, 1284 (10th Cir. 2019). But here, Plaintiff does not assert the required elements of, or even allege facts pertinent to, the 3-part deliberate indifference test. *Compare, Valdez,* 66 F.4th at 817, *with ECF 1 at ¶¶ 421-27, 514-17*. Plaintiff does not allege, for example, that SPRHC policymakers "know to a moral certainty" that its paramedics will confront a situation like that giving rise to Plaintiff's Complaint when they are called to service a taser deployment; that a paramedic may encounter a "difficult choice" in whether to respond to a perceived non-emergent situation with emergency services such that additional training is necessary; or that the choices made by the Paramedics in response to Mr. Burch's stated complaints will "frequently" violate a detainee's constitutional right to care. *Valdez,* 66 F.4th at 817. Nor does Plaintiff allege that SPRHC had notice or knowledge of any alleged inadequate training, or the existence of a corresponding resulting risk to pre-trial detainees such as Mr. Burch. *Id. and compare, Carr,* 337 F.3d at 1229. Instead, like plaintiff in *Carr,* Plaintiff "merely enumerates the multiple ways in which he contends the [Paramedics] were inadequately trained, but without proffering any evidence of knowledge of the purported deficiencies on the part of [SPRHC]." *Id.* In

7

short, Plaintiff's allegations as against SPRHC represent a perfunctory recitation of the legal elements, especially when compared to Plaintiff's allegations of inadequate training asserted against the other government entity defendants. *Compare, e.g., ECF 1 at ¶¶ 421-27 with ¶¶ 368-85, 386-401, 402-420.*

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick,* 563 U.S. at 61. Where Plaintiff's Complaint fails to plausibly allege injury caused by SPRHC's alleged failure to train the Paramedics, and offers only conclusory assertions of causation and culpability, Plaintiff has failed to state a claim for relief and judgment is warranted in favor of SPRHC.

WHEREFORE, SPRHC respectfully requests that the Court GRANT its Motion for Judgment on the Pleadings, and ENTER judgment in SPRHC's favor with respect to Plaintiff's Fourteenth Claim for Relief.

Respectfully submitted April 15, 2026.

hershey decker drake

*/s/Kari M. Hershey*
Kari M. Hershey, #34246
*Attorney for Spanish Peaks Regional Health Center*
Hershey Decker Drake
10463 Park Meadows Drive, Suite 209
Lone Tree, Colorado 80124
Tel: (303) 226-1680
kari@hersheydecker.com

**CERTIFICATE OF SERVICE**

I certify that on this day April 15, 2026, a copy of the foregoing Motion for Judgment on the Pleadings was filed with the Court's CM/ECF system and served electronically upon the following:

*Attorneys for Plaintiff Estate of Michael Burch:*
Omeed M. Azmoudeh
Felipe Bohnet-Gomez
Matthew Cron
Stephanie Wise
Katie Weise Valiant
Rathod Mohamedbhai, LLC
2701 Lawrence St., Ste. 100
Denver, CO 80205
Tel: (303) 578-4400
Fax: (303) 578-4401
oa@rmlawyers.com
fbg@rmlawyers.com
mc@rmlawyers.com
sw@rmlawyers.com
kw@rmlawyers.com

Adam J. Schultz
The Law Office of Adam J. Schultz
211 W. Abriendo Ave.
Pueblo, CO 81004
Tel: (719) 542-9559
adam@adamschultzlaw.com

*Attorneys for Defendant Board of County Commissioners, Huerfano County Sheriff's Office, Sheriff Bruce Newman, Stuart Pino, Lea Vigil, and Billy LaPorte:*
Bennett M. Harrell, #59376
Eric M. Ziporin, #30133
Jonathan N. Eddy, #50086
SGR, LLC
3900 E. Mexico Ave., Ste. 700
Denver, CO 80210
bharrell@sgrllc.com
exiporin@sgrllc.com
jeddy@sgrllc.com

*Attorney for Defendant Health Care Partners Foundation, Inc., Shanene Sanders, Rachel Simpson, and Jennifer Green:*
Michael D. Drews
7800 East Dorado Place, Suite 120
Greenwood Village, Colorado 80111
(720) 726-5893
mdrews@tysonmendes.com

*/s/Kari Hershey*